**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1303-WJM

JASON A. HUSBAND,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION AND
REMANDING CASE TO COMMISSIONER**

---

    This is a social security benefits appeal brought under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  Plaintiff Jason A. Husband ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for disability and disability insurance benefits, as well as supplemental security income benefits.  The denial was affirmed by an administrative law judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act").  This appeal followed.

    For the reasons set forth below, the ALJ's denial of benefits is reversed and the case is remanded to the Commissioner for rehearing.

## I.  BACKGROUND

    On August 26, 2009, Plaintiff filed an application for a period of disability and disability insurance benefits, as well as supplemental security income benefits, with an alleged disability onset date of August 3, 2009.  (Record ("R.") 12.)  Plaintiff was twenty-

six years old at the time he applied for benefits.

Plaintiff claimed disability due to systemic lupus, pleurisy, rheumatoid arthritis, lupus nephritis, depression, social anxiety disorder, pericarditis, and high blood pressure. (R. 55.) Plaintiff was a high school graduate with prior work experience as an assistant manager at a retail gaming store, a janitorial manager, and a cashier at a grocery store. (R. 37-38.)

Plaintiff's application for benefits was denied on February 12, 2010. (R. 12.) On Plaintiff's request, ALJ William Musseman held a hearing on his application on January 14, 2011. (R. 25-47.) On February 1, 2011, ALJ Musseman issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1] (R. 12-20.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 3, 2009, the alleged onset date. (R. 14.) At step two, the ALJ found that Plaintiff suffered from systemic lupus erythematosus ("SLE") and that SLE was his only severe impairment. (R. 14-15.) At step three, the ALJ found that Plaintiff's impairment, while severe, did not meet or medically equal any of the impairments listed in the social security regulations. (R. 15.) At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work. (R. 15.) Because none of Plaintiff's prior work experience was sedentary, the ALJ found

---

[1] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

that Plaintiff was unable to perform any past relevant work.  (R. 18.)  At step five, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, there were jobs in significant numbers in the national economy that Plaintiff could perform.  (R. 19.)  Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and, thus, was not entitled to benefits.  (*Id.*)

Plaintiff requested review by the Appeals Council, which found no reason to reconsider the ALJ's decision.  (R. 2.)  Thus, ALJ Musseman's February 1, 2011 decision is the final administrative action for purposes of review.

## II.  LEGAL STANDARD

The Court reviews the Commissioner's decision on Plaintiff's entitlement to disability benefits to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id*.  "It requires more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).

The substantial evidence standard does not apply to any legal error in the Commissioner's decision.  "On the other hand, if the ALJ failed to apply the correct

legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III. ANALYSIS

In this appeal, Plaintiff raises the following arguments: (1) the ALJ did not properly analyze whether Plaintiff's severe impairment met or medically equaled a listed impairment; (2) the ALJ failed to properly evaluate medical opinions from Plaintiffs' treating physicians; (3) the ALJ improperly rejected evidence from Plaintiff's former employer; and (4) the Appeals Council improperly failed to consider new evidence submitted after the ALJ issued his decision. (ECF No. 13.) Because the Court finds that the first issue requires remand, it will address this issue first.

The analysis of a claim at step three of the evaluation process described above requires consideration of whether a claimant has an impairment that meets or equals any listing found at 20 C.F.R. § 404, Subpart P, Appendix 1 ("Listing"). If a claimant has such an impairment, he is deemed disabled and no further analysis is required. *See* 20 C.F.R. § 404.1520(a)(4)(iii); (d). A claimant's impairment "meets" a Listing if such impairment matches all of the specified criteria in one of the Listings. 20 C.F.R. § 404.1525(c)(3). However, under step three, a finding of disability is also required if a claimant's impairment, or combination of impairments, "equals" a Listing. 20 C.F.R. § 404.1526(a). An impairment "equals" a Listing where the impairments "is at least equal in severity and duration to the criteria of any listed impairment." *Id*.

Plaintiff contends that the ALJ's step three analysis was improper because the ALJ failed to provide any reasoning supporting his conclusion that Plaintiff's impairment

did not meet or medically equal Listing 14.02, Systemic Lupus Erythematosus. (ECF No. 13 at 27.) An ALJ is required "to discuss the evidence and explain why he found that [a claimant] was not disabled at step three." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1997). In the absence of ALJ findings supported by specific weighing of the evidence, the reviewing court "cannot assess whether relevant evidence adequately supports the ALJ's conclusion that the appellant's impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion." *Id*.

In this case, the ALJ's analysis of step three, in full, is as follows:

> Specifically, the undersigned considered listing 14.02 for systemic lupus erythematosus. To meet or equal the listing the evidence must demonstrate involvement of two or more organs/body systems, with one involved to at least moderate level of severity and at least two of the constitutional symptoms or signs or repeated manifestations of SLE, with at least two of the constitutional symptoms or signs and marked limitations in activities of daily living, social functioning or concentration, persistence and pace. The evidence does not support the existence of an impairment, which meets or equals the criteria found in any listing; therefore, disability cannot be established on the medical facts alone.

(R. 15.) What truly stands out to the Court is the fact that this section contains absolutely no discussion of any medical evidence in support of the conclusion reached. Nor does it incorporate any genuine analysis of the issues presented. Instead, the ALJ merely recites the requirements for Listing 14.02 and then states in a conclusory manner that the evidence does not meet the listing. (R. 15.) This approach falls woefully short of meeting the requirement that the ALJ discuss the relevant evidence and explain on the record why Plaintiff's impairments did not meet or equal the Listing

in question.  *See Dye v. Barnhart*, 180 F. App'x 27, 29 (10th Cir. 2006) (finding similar conclusory statement that the claimant's impairment did not meet the listing to be error which required remand).

The Commissioner contends that the ALJ was not required to review the evidence at step three because he "thoroughly described the evidence during his residual functional capacity assessment narrative." (ECF No. 14 at 16.)  The Commissioner is correct that the Tenth Circuit has held that "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).  This is essentially a harmless error standard, which requires the Court to determine whether the ALJ's discussion at the evidence in steps four and five is sufficient to show that the claimant's impairment could not have met or medically equaled the listing.  *Id*.  If the latter discussion is adequate, remand is not required despite the error at step three.  *Id*.

The Court finds here, however, that the ALJ's discussion of the evidence at steps four and five was not sufficient to compensate for his failure to discuss the evidence at step three.  The step three analysis of whether Listing 14.02 was met turned on whether the evidence showed that Plaintiff had at least two constitutional symptoms or signs, which included severe fatigue, fever, malaise, or involuntary weight loss.  *See* Listing 14.02A.  In his discussion of the evidence supporting his RFC, the ALJ does not discuss the medical evidence showing fatigue, fever, malaise or involuntary weight loss.  (R. 17-18.)  Thus, unlike *Fisher-Ross*, the Court cannot rely on

the ALJ's discussion of the evidence in steps four and five to overlook the ALJ's failure to discuss the medical evidence and explain why Plaintiff's impairment did not meet or equal Listing 14.02 at step three. *See Murdock v. Astrue*, 458 F. App'x 702, 704 (10th Cir. 2012) (an ALJ's failure to discuss evidence at step three is harmless error only if the Court can look at the ALJ's discussion at steps four and five and find that no reasonable factfinder could conclude that the claimant's impairments met or equaled the listing).

The Court finds that the ALJ's failure to discuss the medical evidence and explain why Plaintiff's impairment does not meet or medically equal the listing requires remand to the Commissioner. *See Clifton*, 79 F.3d at 1010. Because this error alone requires remand, the Court need not address the other arguments raised by Plaintiff. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."). The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered. The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties as well as the ALJ to consider the evidence and the issues anew.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

Dated this 30th day of May, 2013.

BY THE COURT:

William J. Martinez
United States District Judge